UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,        17-CR-209-RJA-MJR
                                 DECISION AND ORDER
     -v-

SIGFREDO MARTINEZ,

              Defendant.
_____

This case has been referred to the undersigned by the Hon. Richard J. Arcara pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters. (Dkt. No. 21).

## **BACKGROUND**

On November 1, 2017, a federal grand jury in the Western District of New York returned a twelve count Indictment against Sigfredo Martinez, Alex Mercado, and Bryan Ferrer-Vazquez. (*See* Dkt. No. 1). Martinez is charged with five counts: Count 1 (Narcotics Conspiracy); Count 2 (Distribution of Cocaine); Count 3 (Distribution of Heroin); Count 11 (Possession of Firearms in Furtherance of Drug Trafficking); and Count 12 (Possession of Firearms by a Felon). Presently before the Court are several non-dispositive pre-trial motions filed by Martinez (Dkt. Nos. 50, 51) and the government's motion for reciprocal discovery (Dkt. No. 60). The Court heard oral argument on the motions on August 8, 2018, at which defense counsel acknowledged that Martinez's motions have been rendered moot by the government's pre-trial disclosures, with two exceptions: (1) Martinez's request for English-language transcripts of audio recordings of certain drug transactions; and (2) Martinez's request for a bill of particulars particularizing the dates he joined and left the narcotics conspiracy as alleged in Count 1 of the Indictment. (Dkt. No. 67). With regard to the English-language transcripts, the

Court directed the government to prepare the transcripts and to allow defense counsel to review them at the government's office. (*Id.*). Defense counsel later informed the Court that he has reviewed the foregoing transcripts, rendering Martinez's request for the transcripts moot. (Dkt. No. 75). As for Martinez's request for a bill of particulars particularizing the dates he allegedly joined and left the conspiracy, the Court received supplemental briefing from the government on this issue (Dkt. No. 69) and heard additional oral argument from counsel on October 29, 2018 (Dkt. No. 75).[1]

## **DISCUSSION**

The Court will address Martinez's motion for a bill of particulars before turning to the government's motion for reciprocal discovery.

I.     *Martinez's Motion for a Bill of Particulars*

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (internal quotation marks and citation omitted). The Court "has the discretion to deny a bill of particulars 'if the information sought by defendant is provided in the indictment or in some acceptable alternate form.'" *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (quoting *Bortnovsky*, 820 F.2d at 574);

---

[1]     Martinez's co-defendants, Alex Mercado and Bryan Ferrer-Vazquez, have not yet filed any pre-trial motions.

*see also United States v. Messina*, No. 11-CR-31(KAM), 2012 WL 463973, at *10 (E.D.N.Y. Feb. 13, 2012) ("In determining whether a defendant has shown [the] necessity [for a bill of particulars], the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery.") (internal quotation marks and citation omitted). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at 574.

Here, Martinez seeks a bill of particulars particularizing the dates he joined and left the narcotics conspiracy as alleged in Count 1 of the Indictment. The Second Circuit addressed a similar request in *United States v. Torres*, 901 F.2d 205 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010). In *Torres*, one of the defendants argued that the district court improperly denied his request for a bill of particulars detailing, among other things, the date he joined the alleged conspiracy. *Id.* at 233. The Second Circuit affirmed the district court's order denying the defendant's request, noting that the indictment adequately advised the defendant of the specific acts of which he was accused and also that the government had already provided the defendant with discovery regarding the alleged conspiracy. *Id.* at 234. While *Torres* does not necessarily establish a *per se* rule barring particularization of the dates a defendant joined and left a conspiracy, it does indicate that the defendant may receive this information only if he has not been adequately informed of the specific acts of which he is accused. In the instant case, Count 1 of the Indictment (Narcotics Conspiracy) plainly advises Martinez of the specific acts of which he is accused — namely, conspiring with his co-defendants to possess with the intent to distribute, and to distribute, cocaine

and one kilogram or more of a mixture and substance containing heroin between in or about February 2016 and on or about April 6, 2017.  (*See* Dkt. No. 1 at 1-2).  The government has also provided the defense with discovery regarding the alleged conspiracy, including transcripts of audio recordings of certain drug transactions.  Consequently, Martinez's motion for a bill of particulars particularizing the dates he joined and left the alleged narcotics conspiracy is denied.  *See Torres*, 901 F.2d at 233-34; *see also United States v. Rivera*, No. 17-CR-68-LJV-MJR, 2018 WL 2091419, at *5 (W.D.N.Y. Mar. 19, 2018) (Roemer, M.J.) ("Contrary to [the defendant's] request, the government is not required to particularize overt acts, unnamed co-conspirators, *specific dates*, or other details regarding the alleged conspiracy.") (emphasis added); *United States v. Busch*, No. 13CR80S, 2014 WL 2435596, at *3 (W.D.N.Y. May 30, 2014) (Scott, M.J.) ("It is settled that the government should not be required to furnish particulars relating to the formation of a conspiracy, including when and how it was formed *and when a particular defendant joined*, because such details need not be proven at trial.") (emphasis added).

      II.    *Government's Motion for Reciprocal Discovery*

The government moves for reciprocal discovery under Federal Rule of Criminal Procedure 16(b).  (Dkt. No. 60 at 16-17).  Defense counsel stated at the August 8, 2018 oral argument that he does not oppose the government's motion.  Therefore, the government's motion for reciprocal discovery is granted.

## **CONCLUSION**

For the foregoing reasons, Martinez's pre-trial motions (Dkt. Nos. 50, 51) are denied as set forth herein. The government's motion for reciprocal discovery (Dkt. No. 60) is granted.

**SO ORDERED**.

Dated: November 6, 2018
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge